UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| I-20 HD ULTRA LOUNGE, LLC, and MARGIE REE BONNER-MITCHELL, | ) ) ) ) |
| Defendants. | |

Civil Action Number
**1:18-cv-1155-AKK**

## MEMORANDUM OPINION AND ORDER

Scottsdale Insurance Company brings this declaratory judgment action pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 to determine its rights under a commercial general liability policy it issued to I-20 HD Ultra Lounge with respect to a pending lawsuit filed against Ultra Lounge in state court. Doc. 1. Ultra Lounge has counter-claimed against Scottsdale, alleging six state law claims. Doc 6. Scottsdale has moved to dismiss the counterclaims, and Ultra Lounge has moved to partially dismiss Scottsdale's claims. Docs. 9-10; 15. Ultra Lounge has also moved to amend to restate its counterclaims and to add purported necessary parties. Doc. 24. The motions are fully briefed and ripe for review. *See* docs. 14, 18, 17, 23. For the reasons stated more fully below, Ultra Lounge's

motion to dismiss is granted, Ultra Lounge's motion to amend is granted in part, and Scottsdale's motion to dismiss is granted in part.

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id*. (citations and internal quotation marks omitted). By contrast with Rule 8(a)'s fairly liberal pleading standard, Federal Rule of Civil Procedure 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake."

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

(citation omitted). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

## II. BACKGROUND

This action arises out of an insurance dispute between Scottsdale and its policyholder Ultra Lounge, a night club operator. Ultra Lounge purchased from Scottsdale a general liability insurance policy, effective October 1, 2014 to October 1, 2015, which provided coverage for "bodily injury" and "property damages" caused by an "occurrence." Doc. 1 at 6; *see* doc. 1-1. The policy obligated Scottsdale to defend Ultra Lounge against any "suit" seeking damages to which the insurance applies. Docs. 1 at 6; 1-1 at 9.

In March 2016, Margie Ree Bonner-Mitchell ("Mitchell") filed suit against Ultra Lounge and Nikolaus Danvar Mitchell ("Nikolaus") in the Circuit Court of Calhoun County, Alabama. *See Mitchell v. I-20 Ultra Lounge, LLC*, No. 11-CV-2016-900112.00 (Ala. Cir. Ct. Mar. 3, 2016). Mitchell alleged that Nikolaus' car hit her while she was walking, causing her to sustain bodily injuries. Doc. 1-2 ¶ 10. Nikolaus had allegedly been drinking alcoholic beverages at an Ultra Lounge bar before driving his car that night. *Id*. ¶ 11. For her injuries, Mitchell seeks compensatory and punitive damages from Ultra Lounge for various tort claims,

and violations of Alabama's "Dram Shop Act," Alabama Administrative Code 20-X-5-.14. Doc. 1-2 at 3-8.

Scottsdale filed the present action seeking declaratory judgment that it does not owe coverage to Ultra Lounge for the *Mitchell* action, that it has no duty to defend Ultra Lounge against the *Mitchell* action, and that it has no duty to indemnify Ultra Lounge against the *Mitchell* action or for any damages or judgment awarded against Ultra Lounge. Doc. 1 at 11. Specifically, Scottsdale alleges that "endorsements" added to the parties' insurance agreement created policy exclusions related to liquor liability, assault and/or battery, and punitive or exemplary damages that bar coverage for the *Mitchell* action. *See* docs. 1 at 7-11; 1-1 at 31-32, 43, 83.

### III. ANALYSIS

#### A. **Ultra Lounge's Motion to Partially Dismiss**

Ultra Lounge contends that the duty to indemnify declaratory judgment claim is not yet ripe for adjudication in light of the pending *Mitchell* action. Doc. 15. Under Alabama law,[1] an insurer's duties to defend and indemnify are distinct,

---

[1] "In determining which law applies, a federal district court sitting in diversity must apply the choice of law rules of the forum state." *Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc.*, 92 F.3d 1110, 1115 (11th Cir. 1996) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Absent a contractual provision specifying a particular sovereign's law to govern, Alabama applies the principle of *lex loci contractus*, applying the law of the state where the contract was formed. *Stovall v. Universal Constr. Co.*, 893 So. 2d 1090, 1102 (Ala. 2004) (citations omitted). Therefore, in the absence of any evidence that the parties designated that a particular state's law would control, and because the allegations and policy

and therefore "must be analyzed separately." *United States Fid. & Guar. Co. v. Armstrong,* 479 So. 2d 1164, 1167 (Ala. 1985) (citations omitted). The duty to defend "is more extensive than [the] duty to [indemnify]," and is generally determined by looking to the allegations in the underlying state action. *Ladner & Co. v. S. Guar. Ins. Co.*, 347 So. 2d 100, 102-03 (Ala. 1977). By contrast, whether a duty to indemnify exists depends "on the facts adduced at the trial of the action" against the insured. *Hartford Cas. Ins. Co. v. Merchs. & Farmers Bank*, 928 So. 2d 1006, 1013 (Ala. 2005); *see Tanner v. State Farm Fire & Cas. Co.,* 874 So. 2d 1058, 1066 (Ala. 2003) ("The insured's conduct rather than the allegedly injured person's allegations determine whether the insurer has a duty to indemnify."). Accordingly, contrary to Scottsdale's contentions, "[t]he duty to indemnify does not rise out of a duty to defend" and cannot be determined prior to the resolution of the underlying state action. *Alabama Gas Corp. v. Travelers Cas. & Sur. Co.*, 990 F. Supp. 2d 1163, 1167 (N.D. Ala. 2013), *aff'd*, 568 F. App'x 837 (11th Cir. 2014); *see*, *e.g.*, *State Farm Fire & Cas. Co. v. GHW*, 56 F. Supp. 3d 1210, 1215 (N.D. Ala. 2014) ("It is too early for the Court to address the indemnity issue because the state court action against [the insured] remains pending."); *Pharmacists Mut. Ins. Co. v. Godbee Med. Distributors, Inc.*, 733 F. Supp. 2d 1281, 1286 (M.D. Ala.

---

documents indicate that the policy was entered into in Alabama, where Ultra Lounge resides and the parties cite cases applying Alabama law, *see* docs. 1 at 2; 1-1 at 2-3; 6 at 6; 15; 17, the court applies the law of Alabama.

2010) ("[A] determination of the duty to indemnify cannot be made at a preliminary stage in the proceedings, when it is still possible for the plaintiff in the underlying lawsuit to change the theory of liability and assert a claim that is covered by the policy at issue.").

State court records indicate that the *Mitchell* action remains pending. *See Mitchell v. I-20 Ultra Lounge, LLC*, No. 11-CV-2016-900112.00 (Ala. Cir. Ct. Mar. 3, 2016). Therefore, "[b]ecause the underlying action is still pending in state court, the court . . . concludes that the duty to indemnify issue is not yet ripe, and it will thus not rule on the issue." *Employers Mut. Cas. Co. v. Smith Const. & Dev., LLC*, 949 F. Supp. 2d 1159, 1176 (N.D. Ala. 2013). *See also Allstate Ins. Co. v. Employers Liab. Assurance Corp.,* 445 F.2d 1278, 1281 (5th Cir. 1971) ("[N]o action for declaratory relief will lie to establish an insurer's liability . . . until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize.").[2] Accordingly, Ultra Lounge's motion to dismiss this claim is due to be granted.

## B. Scottsdale's Motion to Dismiss

Scottsdale has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Ultra Lounge's counterclaims. Doc. 10. Ultra Lounge concedes that its

---

[2] Decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

6

claims for breach of contract and bad faith (Counterclaims Five and Six) are not ripe, and these claims are due to be dismissed. *See* doc. 14. Accordingly, the court only addresses the parties' contentions with respect to the counterclaims for fraudulent misrepresentation, fraudulent suppression, negligent or wanton misrepresentation, and negligent and/or wanton failure to procure insurance (Counterclaims One through Four).

### *1. Misrepresentation and Suppression (Counterclaims One, Two, Three)*

Scottsdale contends that Ultra Lounge's counterclaims for fraudulent misrepresentation, fraudulent suppression, and negligent or wanton misrepresentation and suppression fail to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).[3] Under Alabama law, a misrepresentation claim consists of: "1) a misrepresentation of material fact, 2) made willfully to deceive, recklessly, without knowledge, or mistakenly, 3) which was reasonably relied on by the [claimant] under the circumstances, and 4) which caused damage as a proximate consequence." *Bryant Bank v. Talmage Kirkland & Co.*, 155 So. 3d 231, 238 (Ala. 2014). Additionally, a suppression claim requires "1) a duty to disclose the facts, 2) concealment or nondisclosure of material facts

---

[3] Negligent or wanton misrepresentation and suppression sounds in fraud under Alabama law. *See* Ala. Code §§ 6-5-101, 6-5-102. Accordingly, a party raising a negligent/wanton misrepresentation or suppression claim must plead it with particularity. *See* Fed. R. Civ. P. 9(b); *Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 951 (11th Cir. 2014) (holding that Rule 9(b) applied to negligent misrepresentation claims because such claims sounded in fraud under Florida law).

by the [tortfeasor], 3) inducement of the [claimant] to act, and 4) action by the [claimant] to his injury." *Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 423 (Ala. 1997).

Where a party raises claims of fraud, Rule 9(b)'s standard is satisfied if the pleading sets forth:

> (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the [the claimant]; and (4) what the [alleged tortfeasor] obtained as a consequence of the fraud.

*FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (citations omitted). Ultra Lounge has sufficiently pleaded the content of the allegedly fraudulent statements and omissions, how they misled Ultra Lounge, and what Scottsdale obtained from the alleged fraud. *See id.*; doc. 9 at 7-12. Specifically, Ultra Lounge alleges that it purchased and maintained its policy in reliance on Scottsdale's representations that the policy "would provide insurance coverage for any injuries to its patrons in the event they were injured while in the business by other patrons or by dangerous conditions on the premises," and that it "would provide insurance coverage to [Ultra Lounge] referred to as 'liquor liability' in the event [Ultra Lounge] was ever sued under the 'dram shop' statutes." Doc. 6 at 6. Moreover, Scottsdale allegedly failed to disclose to Ultra

Lounge that Ultra Lounge did not have the coverages that Scottsdale had allegedly represented the policy would provide. *See id.* at 8.

However, Ultra Lounge has failed to plead how Scottsdale made misrepresentations and omissions, and has not identified "the person responsible for making (or, in the case of omissions, not making)" each of the alleged misrepresentations. *See FindWhat.com*, 658 F.3d at 1296; *Pucci v. Carnival Corp.*, 146 F. Supp. 3d 1281, 1290-91 (S.D. Fla. 2015) (finding insufficient under Rule 9(b) allegations that cruise company made misrepresentations through marketing materials and employee statements, without identifying which representations were made in the materials and which ones were made by employees); *Rentclub, Inc. v. Transamerica Rental Fin. Corp.*, 775 F. Supp. 1460, 1462 (M.D. Fla. 1991) ("The Plaintiff should specifically identify the individuals who made the alleged misrepresentations, the time of the alleged fraud and the place of the alleged fraud."). And, although Ultra Lounge alleges when and where it "entered into an insurance contract" with Scottsdale, it is not clear if the alleged misrepresentations and omissions also occurred contemporaneously and at the same location where the parties entered into the insurance agreement. Doc. 6 at 6; *see Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008) (finding that Rule 9(b) requires pleading "the who, what, when, where, and how of the allegedly false statements . . ."). In lieu of dismissal, however, because Ultra Lounge has moved to replead, doc.

24, the court will afford it an opportunity to do so. *See* Fed. R. Civ. P. 15 (instructing the court to "freely give leave [to amend] when justice so requires.").

### *2. Negligent and/or Wanton Failure to Procure Insurance (Counterclaim Four)*

In Counterclaim Four, Ultra Lounge alleges that Scottsdale negligently and/or wantonly failed to procure "the insurance coverage promised" to Ultra Lounge, doc. 6 at 9, and that it sustained an injury because it paid "premiums on a policy that was not as promised" and has "refrained from seeking other . . . coverage that would have provided it with the coverage desired," doc. 6 at 7. Scottsdale contends that Ultra Lounge's alleged injuries are not actionable and, therefore, this claim must be dismissed. Doc. 9 at 12-13.

A claim for negligent failure to procure insurance "requires demonstration of the classic elements of a negligence theory, *i.e.*, (1) duty, (2) breach of duty, (3) proximate cause, and (4) injury." *Alfa Life Ins. Corp. v. Colza*, 159 So. 3d 1240, 1248 (Ala. 2014) (quoting *Kanellis v. Pacific Indemnity Co.*, 917 So. 2d 149, 155 (Ala. Civ. App. 2005)). Importantly, "there must be an injury or harm to [the claimant] <u>as a consequence</u> of [the tortfeasor's] negligence to serve as a basis for recovery of damages." *Weninegar v. S.S. Steele & Co.*, 477 So. 2d 949, 956 (Ala. 1985) (quoting *Austin v. Fulton Ins. Co.*, 444 P.2d 536, 539 (Alaska 1968)) (emphasis added). Therefore, "[i]n a case of negligent procurement, a cause of action accrues when a loss that would trigger liability under the policy occurs," not

when the insured first pays a premium to the insurer. *Bush v. Ford Life Insurance Co.*, 682 So. 2d 46, 47 (Ala. 1996) (citing *Hickox v. Stover*, 551 So. 2d 259, 264 (Ala. 1989), *overruled on other grounds by Foremost Ins. Co. v. Parham*, 693 So. 2d 409 (Ala. 1997)). Stated differently, "no legal injury" occurs until the insurer refuses to cover an event that triggers liability under the insured's policy. *See id.* (finding that negligent procurement claim did not accrue until the insurer refused to honor the insured's claim); *Beddingfield v. Mullins Ins. Co.*, No. 1170143, 2018 WL 2997849, at *4 (Ala. June 15, 2018) (finding that the insureds' negligent procurement claim "accrued at the time the [underlying] litigation was initiated . . . and [the insureds] were denied the entirety of the insurance benefits" under their cancelled policy).

Dismissal of this claim is warranted because Ultra Lounge has not yet suffered an actionable loss. Specifically, Scottsdale has not denied Ultra Lounge coverage, and is currently providing for Ultra Lounge's legal defense in the *Mitchell* action. *See Twin City Fire Ins. Co. v. Colonial Life & Acc. Ins. Co.*, 839 So. 2d 614, 616 (Ala. 2002) ("A reservation of rights allows the insurer to challenge its liability on the underlying claim while still fulfilling its duty to represent the insured."). Moreover, the *Mitchell* action is still pending and there is no judgment in that case against Ultra Lounge that could trigger Scottsdale's potential duty to indemnify Ultra Lounge. Accordingly, Ultra Lounge has not

suffered a legally cognizable injury from Scottsdale's alleged failure to procure insurance and, as such, it has failed to state a valid claim.[4]

### C. Ultra Lounge's Motion to Amend its Counterclaims to Add Cross-Defendants

Ultra Lounge has also moved for leave to amend its counterclaims to add purported "necessary" cross-defendants, Stephen Findley and Harris-McKay Insurance Agency, who "were the insurance agents/employees and/or representatives" of Scottsdale . Doc. 24 at 1-2. Under Federal Rule of Civil Procedure 19(a)(1), "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties . . . ." Ultra Lounge cannot make this showing, in part because whether a policy provides coverage for a particular loss is determined by the language of the policy itself. *See Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So. 2d 687, 697 (Ala. 2001) ("[I]n deciding coverage disputes . . . [c]ourts must make their determinations based upon the terms and language included in the

---

[4] The two cases Ultra Lounge cites for the proposition that the payment of premiums constitutes legal injury are inapposite because they concerned fraud claims. *See Boswell v. Liberty Nat'l Life Ins. Co.*, 643 So. 2d 580, 582 (Ala. 1994) (finding that insureds' payment of greater premiums for new policy in reliance on insurer's fraudulent representations constituted legal injury); *S. Life & Health Ins. Co. v. Smith*, 518 So. 2d 77, 80 (Ala. 1987) (finding that trial court did not err in submitting case to jury where the only evidence of injury from fraud was the insured's payment of a premium). Whereas a fraud is "complete, and actionable, at the time the allegedly fraudulent transaction occurred," a claim for negligent failure to procure insurance does not accrue until there is a loss triggering liability under the policy. *Boswell*, 643 So. 2d at 582; *see Bush*, 682 So. 2d at 47.

policy."); *Mut. Life Ins. Co. of New York v. Barrett*, 110 So. 275, 276 (Ala. 1926) ("The terms of the policy constitute the measure of the insurer's liability."). The policy here states that the parties' entire agreement is limited to the written policy and its supplementary documents—i.e., "This common policy declaration and the supplemental declaration(s), together with the common policy conditions, coverage part(s), coverage form(s), and forms and endorsements, if any, complete the above numbered policy." Doc. 1-1 at 2. In that respect, to decide the coverage issues, alleged misrepresentations about the policy are generally irrelevant. Moreover, it seems based on the motion to amend that Ultra Lounge's theory against the parties it seeks to add is that Findley, as an employee of Harris-McKay and representative of Scottsdale, "made the misrepresentations to [Ultra Lounge] . . . and failed to procure the insurance coverage as represented to [Ultra Lounge] . . . as set forth in [Ultra Lounge's] counterclaims." Doc. 24 at 2. Whether that is indeed the case is not relevant to the dispute before this court—*i.e.*, whether <u>this</u> policy provides coverage for the claims in the underlying suit. Accordingly, the parties Ultra Lounge seeks to add are not necessary parties as their absence would not preclude the court from providing "complete relief among existing parties." *See* Fed. R. Civ. P. 19(a). To the extent Ultra Lounge believes it has a claim against Findley and Harris-McKay, Ultra Lounge is free to pursue those claims in another forum.

## IV. CONCLUSION AND ORDER

For all these reasons, Ultra Lounge's motion to dismiss Scottsdale's duty to indemnify claim, doc. 15, is **GRANTED**. Ultra Lounge's motion to amend its counterclaims, doc. 24, is **DENIED** as to the joinder of additional parties, and **GRANTED** as to the repleading of Counterclaims One, Two, and Three. Ultra Lounge has until **April 30, 2019** to replead these three claims. Finally, Scottsdale's motion to dismiss Ultra Lounge's counterclaims, doc. 9, is **GRANTED** as to Counterclaims Four, Five, and Six, and **DENIED WITHOUT PREJUDICE** as to Counterclaims One, Two, and Three.

**DONE** the 19th day of April, 2019.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE